IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| | : | |
| JAMES B. LAMBERT | : | BANKRUPTCY NO.: 5-09-bk-06747 |
| fdba LAMBERT TRANSPORTATION | : | |
| SERVICE, INC. | : | |
| fdba LTS, INC. | : | |
| DIANA A. LAMBERT | : | |
| aka DIANA SCHARDT-LAMBERT | : | |
| aka DIANE LAMBERT | : | |
| aka DIANA A. SCHARDT LAMBERT | : | |
| aka DIANA AILEEN LAMBERT, | : | |
| | : | |
| DEBTORS | : | |
| | : | |
| JAMES B. LAMBERT and | : | {**Nature of Proceeding**: Defendant's |
| DIANA A. LAMBERT, | : | Motion to Dismiss (Doc. #8)} |
| | : | |
| PLAINTIFFS | : | |
| | : | |
| vs. | : | |
| | : | |
| WILLIAM G. SCHWAB, ESQUIRE, | : | |
| | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-09-ap-00447** |

# OPINION

Plaintiffs-Debtors, James and Diana Lambert, have sued their Chapter 7 Trustee, William

G. Schwab, for what they perceive is an effort to collect on an alleged pre-petition obligation

owing to D.R. Roofing Systems Inc..  Schwab is also the Chapter 7 Trustee for D.R. Roofing.

The Debtors have filed a three count Complaint alleging that the Trustee is violating the

automatic stay, provisions of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. 1692 et

seq, as well as the Pennsylvania Fair Credit Extension Uniformity Act (FCEUA)  73 Pa.C.S.A.

2270.1 et seq.

[K:\Cathy\Opinions-Orders filed 2010\5-09-ap-00447_Lambert.pdf]

The Trustee has responded with a Motion to Dismiss raising a number of defenses. Among those defenses is an assertion of, what is known as, the *Barton Doctrine*.

*Barton Doctrine*

"It is a general rule that before suit is brought against a receiver leave of the court by which he was appointed must be obtained." *Barton v. Barbour,* 104 U.S. 126, 127, 1881 WL 19839, 2 (U.S.Dist.Col.) (U.S.OctoberTerm 1881) *citing Davis v. Gray*, 16 Wall. 203 (1872). This rule has been known as the *Barton Doctrine*. Its purpose is to protect the trust assets from attacks by a plaintiff to the detriment of estate "creditors." *Barton,* 104 U.S. at 129. Notwithstanding the fact that this judicial pronouncement was never codified, Congress did create an exception for cases where the trustee was an operating trustee. 28 U.S.C. § 959(a).

The *Barton Doctrine* has since evolved into federal common law. *Lawrence v. Goldberg*, 573 F.3d 1265, 1269 (11th Cir.2009); *Carter v. Rodgers*, 220 F.3d 1249, 1252-53 (11th Cir.2000). In embracing the *Barton Doctrine*, the *Carter* Court relied on a number of sibling circuit courts of appeals that also upheld its application. See *Springer v. Infinity Group Co.*, No. 98-5182, 189 F.3d 478 (10th Cir. Aug. 26, 1999) (unpublished table decision), *cert. denied*, 529 U.S. 1020, 120 S.Ct. 1422, 146 L.Ed.2d 314 (2000); *Gordon v. Nick*, No. 96-1858, 162 F.3d 1155 (4th Cir. Sept. 2, 1998) (unpublished table decision); *In re Linton*, 136 F.3d 544, 546 (7th Cir.1998); *Lebovits v. Scheffel ( In re Lehal Realty Assocs.)*, 101 F.3d 272 (2d Cir.1996); *Allard v. Weitzman ( In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir.1993); *Vass v. Conron Bros. Co.*, 59 F.2d 969, 970 (2d Cir.1932); *Kashani v. Fulton ( In re Kashani )*, 190 B.R. 875, 885 (9th Cir.BAP 1995). *Carter,* 220 F.3d at 1252.

The Third Circuit Court of Appeals has not spoken on this matter. This is of significance

to me for I do have concerns about its applicability to the case before me.

Initially, although the Defendant, William G. Schwab, is the Trustee for the Lamberts as well as D.R. Roofing, he does not appear to be named as such officer in the caption of the case leading me to conclude that the Plaintiffs are seeking to hold Schwab personally liable for the alleged violations and not to burden the estate with liability. Even if the Plaintiffs were attempting to make claim against the estate, property of a bankruptcy estate is specifically protected from overreaching creditors by the "automatic stay provisions of section 362." Thus, property could only be disbursed upon allowance of claims or court approval of an administrative expense, or perhaps, in the ordinary course of business.

Moreover, under current bankruptcy law, a bankruptcy trustee is not appointed by the court. The *Barton Doctrine* specifically references its application to the fiduciary of an "appointing" court. The Bankruptcy Code of 1978, in an effort to separate the administration of bankruptcy cases from the adjudicatory function of the courts, designated the Office of the United States Trustee as the appointing authority for case trustees. See, for example, 11 U.S.C. § 701(a)(1). I acknowledge there is continued vitality for the *Barton Doctrine* with at least one court concluding that it makes no difference if the bankruptcy trustee is not appointed. *Carter v. Rodgers*, 220 F.3d 1249, 1252 n.4 (11th Cir.2000).

Some courts have limited the application of the doctrine where trustees are subjected to suit in the "non-appointing" forum, suggesting that no preliminary permission is necessary for litigation in the "appointing" forum. *Torrez v. Eley,* No. 09-1464, 2010 WL 1948679 (C.A.10 (Colo.) May 17, 2010), *Harris v. Wittman (In re Harris)*, 590 F.3d 730, 741-742 (9th Cir.2009). Ultra vires acts of a trustee are also said to remove the necessity of prior court approval. *Teton*

*Millwork Sales v. Schlossberg*, 311 Fed.Appx. 145, 148 (10th Cir.2009).

Additionally, 11 U.S.C. § 323, passed by Congress in 1978, specifically articulates that a trustee has the "capacity to sue and *be sued.*"  Emphasis ours.  This is without reference to then existing federal common law.  Should Congress have wanted to subject lawsuits against the trustee to preliminary court approval, it clearly could have used language that they inserted in multiple other provisions directing the need for court authorization.[1]

Furthermore, I venture to say that in most all the bankruptcies filed in this country, it is commonplace for secured creditors to sue trustees so that the automatic stay could be terminated.  Those creditors seek to pursue property of the estate.  I simply am not aware that special permission is being sought to pursue such lawsuits against the trustee.

I conclude that, because this Court is not the "appointing court," the bankruptcy statute has superceded the case law, and controlling federal authority has not applied the doctrine, the *Barton Doctrine* does not apply to this Trustee in this Court.

While I doubt the application of the *Barton Doctrine* to lawsuits against the Trustee in this Bankruptcy Court, I will dispense with the issue by simply authorizing, *nunc pro tunc*, the current litigation should permission be deemed required.[2]

---

[1] 11 U.S.C. § 327(a) and (e), § 328(a), § 365(a), § 503(b)(3)(B), § 524(k)(8), § 1103(a), § 1104(d), § 1110(a)(2)(A), § 1110(b), § 1125(b), § 1168(a)(1)(A), § 1168(b), § 1169(a).

[2] The caption of Plaintiffs' Complaint appears to name Schwab personally as a Defendant and not as the Trustee of any given estate, and so, I assume that the Plaintiffs are seeking recovery from the personal assets of the Defendant.  I do appreciate that D.R. Roofing is a Chapter 7 case being administered by my fellow Bankruptcy Judge, the Honorable Robert N. Opel, II, and as such, I lift the protections, if any, offered by the *Barton Doctrine* as to Schwab sitting as Lamberts' Trustee.  To the extent that Schwab is being sued as Trustee of D.R. Roofing, I pass no judgment.

The Court is under a continuing duty to confirm its own jurisdiction. 28 U.S.C. §

157(b)(3), Federal Rule of Civil Procedure 12(h)(3). See, also, *Steel Co. v. Citizens for a Better*

*Env't.*, 523 U.S. 83, 93-95, 118 S.Ct. 1003, 1012, 140 L.Ed.2d 210 (1998). In that regard, I have

little hesitancy to conclude that I indeed have jurisdiction to adjudicate violations of the automatic

stay. Relief in favor of the debtor is specifically provided for in 11 U.S.C. § 362(k). It most

assuredly is a core bankruptcy matter as that term is utilized in 28 U.S.C. § 157(b).

I have more concern about my jurisdiction to determine Debtors' second and third claims

for relief arising under FDCPA and FCEUA, respectively. The Debtors assert that the collection

activities of the Trustee occurred after the bankruptcy was filed. As such, these are post-

bankruptcy claims of the Debtors and are not property of the estate under 11 U.S.C. § 541. They

neither arise in nor under the Bankruptcy Code. The Debtors' rights under these statutes do not

invoke substantive rights created by the Bankruptcy Code and very well could exist outside of

bankruptcy. See *Torkelsen v. Maggio (In re Guild & Gallery Plus, Inc.)*, 72 F.3d 1171, 1178 (3d

Cir.1996). This, having been said, I conclude that claims under these statutes are not core

bankruptcy matters.

This Court would still have jurisdiction should I find that these claims are "related

matters" as that is referenced in 28 U.S.C. §§ 1334(b) and 157(a). In order to be related, the

claim must have an impact on the estate. *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir.1984).

Win, lose, or draw, the Debtors' success or lack of it would have virtually no impact on the estate

being administered. Should the Debtors recover from the Trustee, the Debtors would retain the

proceeds with no benefit to the creditors. Should the Debtors lose, the estate would not be

impacted.  Being neither core nor non-core, I conclude that these two claims of the Debtors

cannot survive the Motion to Dismiss, without prejudice, of course, to litigate in the proper

forum.  *In re Kovalchick,* 2006 WL 2707428, *4 (M.D.Pa.,2006), *Csondor v. Weinstein, Treiger*

*& Riley (In re Csondor)*, 309 B.R. 124, 129 (Bankr.E.D.Pa.2004) and the cases cited therein.

The Trustee, in his Motion to Dismiss, has raised the issue as to whether the Trustee is

exempt from the provisions of FDCPA and FCEUA.  Furthermore, the Trustee has advanced

persuasive authority that, if the Debtors seek to enforce the bankruptcy discharge, then they may

be precluded from pursuing certain Federal (FDCPA) and State (FCEUA) claims.  *Zehnder v.*

*FDS Bank, et al,* No. 3:09-CV-1865, slip op. (M.D.Pa. March 18, 2010).  These arguments are

best resolved by a court with proper jurisdiction.

My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge

(CMS)

Date: September 3, 2010